12-4723-cr
U.S. v. Brudi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:  GERARD E. LYNCH,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

                              *Appellee*,

         v.                                        No. 12-4723-cr

WERNER BRUDI,

                    *Defendant-Appellant*,

———————————————————————————

FOR APPELLANT:    DEVIN MCLAUGHLIN, Langrock, Sperry, & Wool, LLP, Middlebury, Vermont.


FOR APPELLEE:     ARLO DEVLIN-BROWN, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Werner Brudi appeals from the district court's concurrent sentences of 24 months' imprisonment following his plea of guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of mail fraud in violation of 18 U.S.C. § 1341, in connection with a Ponzi scheme that defrauded elderly investors of hundreds of thousands of dollars. On appeal, Brudi argues that his sentence was both substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's sentence to ensure that it is both procedurally and substantively reasonable. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court errs procedurally by, among other things, miscalculating the applicable sentencing guideline range or giving insufficient consideration of the factors set out in 18 U.S.C. § 3553(a). See id. at 190. A district court's sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted).

Brudi argues that his sentence was procedurally unreasonable because the district court failed to consider the immigration consequences of his conviction. But at Brudi's sentencing hearing, the district court expressly inquired about Brudi's possible deportation, asking if it was "pretty much certain" that Brudi would be removed to Germany. Although the district court did

not later mention deportation as a factor influencing its ultimate sentence, it was not required to do so.  As we explained in United States v. Fernandez, "we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced."  443 F.3d 19, 30 (2d Cir. 2006).  Here, the record demonstrates that the district court understood that Brudi would be deported after he finished his sentence, but was influenced more powerfully by other factors when determining Brudi's sentence.

Brudi next argues that his sentence was substantively unreasonable.  It was not.  Brudi does not dispute the district court's calculation that the Sentencing Guidelines recommended a sentence of 33 to 41 months.  The district court explained that although Brudi's clean record, advanced age, and his dependent wife's ill health militated against a lengthy period of incarceration, he still had committed a "serious crime," defrauding close friends, several of whom appeared at the sentencing hearing to urge a severe sentence, of their life savings.  Given these competing equities, the court imposed a below-guidelines sentence that still required the defendant to spend some time in prison.  Under these circumstances, we cannot conclude that the district court abused its discretion.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


3